Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| ASOCIACIÓN DE MAESTROS DE PUERTO RICO, ASOCIACIÓN DE MAESTROS DE PUERTO RICO - LOCAL SINDICAL, por si y en representación de sus miembros; Ashleyann Jiménez Rosado, Maestra de la Escuela Fernando Callejo de Manatí; Glorimar Nazario Ortiz, Maestra de la Escuela Fernando Callejo de Manatí; Janet Adorno Feliciano, Maestra de la Escuela Fernando Callejo de Manatí; Karen M. Valentín Torres, Maestra de la Escuela Fernando Callejo de Manatí; Karolyn Caraballo Meléndez, Maestra de la Escuela Fernando Callejo de Manatí; Marisol Rivera Cabrera, Maestra de la Escuela Fernando Callejo de Manatí; Maritza Cabán Laboy, Maestra de la Escuela Dolores González de Arroyo; Milagros Larregui Vázquez, Maestra de la Escuela Fernando Callejo de Manatí; Miosoty García Menéndez, Maestra de la Escuela Fernando Callejo de Manatí; Myrna M. Mateo Santos, Maestra de la Escuela Fernando Callejo de Manatí; Nilsa F. Corretjer Ruiz, de la Escuela Fernando Callejo de Manatí; Yamilette Otero Miranda, Maestra de la Escuela Fernando Callejo de Manatí; Zuleimarie Sánchez Del Valle, Maestra de la Escuela Fernando Callejo de Manatí; y OTROS<br><br>Parte Apelante<br><br>v.<br><br>HON. DANIEL R. VÉLEZ CARRERA en su carácter oficial como Secretario Interino del Departamento de Educación; DEPARTAMENTO DE EDUCACIÓN; ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Parte Apelada | TA2025AP00256 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>CIVIL NÚM.: SJ2024CV11717<br><br>Sala: 904<br><br>Sobre: Mandamus |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 1 de octubre de 2025.

Comparece ante *nos* la Asociación de Maestros de Puerto Rico y la Asociación de Maestros de Puerto Rico – Local Sindical (apelante) y nos solicita que revisemos y revoquemos una *Sentencia* emitida y notificada el 2 de julio de 2025, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de San Juan. Mediante dicho dictamen, el TPI desestimó el recurso de *Mandamus* al amparo de la Regla 10.2 de Procedimiento Civil, *infra,* por dejar de exponer una reclamación que justifique la concesión de un remedio.

**I.**

El 27 de diciembre de 2024, la parte apelante presentó un recurso de *Mandamus.* Mediante dicho recurso, solicitó al foro primario que ordenara al Secretario de Educación al cumplimiento cabal y estricto con su deber ministerial, impuesto por la Ley de la Carrera Magisterial, Ley Núm. 158 de 18 de julio de 1999, según enmendada (18 LPRA sec. 310 *et seq.*) (Ley Núm. 158-1999) y el Reglamento Núm. 6761 de 5 de febrero de 2004 – Reglamento de la Carrera Magisterial (Reglamento Núm. 6761), con el propósito de que reciba y trámite las solicitudes de reconocimientos de nivel y revisión salarial de la Carrera Magisterial 2025.

Luego de varios incidentes procesales, el 11 de febrero de 2025, el Gobierno de Puerto Rico por sí y en representación del Departamento de Educación (apelado) presentó una *Moción de Desestimación.* En síntesis, alegó que procede la desestimación del recurso porque falla en cumplir con los requisitos para la expedición de un auto de *mandamus.* Esto, por no especificar un deber ministerial incumplido por la parte apelada. Añadió que, procede la desestimación al amparo de la Regla 10.2 de Procedimiento Civil,

*infra*, por dejar de exponer una reclamación que justifique la concesión de un remedio. Asimismo, planteó que, aun si el Tribunal entendiera que, de la Ley de Ajuste Salarial para los Maestros y Maestras Conforme a la Ley de la Carrera Magisterial, Ley Núm. 9 de 7 de marzo de 2022 (3 LPRA sec. 9117 *et seq.*) (Ley Núm. 9-2022), emana un deber ministerial de habilitar una plataforma o un procedimiento para el recibo de las solicitudes de revisión de nivel o revisión salarial al amparo de la Ley Núm. 158-1999, el Tribunal está impedido de expedir el auto de *mandamus* porque el caso no está maduro y, por tanto, carece de jurisdicción.

Por su parte, el 25 de febrero de 2025, la parte apelante presentó una *Oposición a Moción de Desestimación.* A grandes rasgos, sostuvo que no procede la desestimación del recurso de *Mandamus.* Acentuó que la Ley Núm. 9-2022, *supra*, impone al Secretario de Educación el deber de recibir y tramitar, en o antes del 15 de enero de 2025, las solicitudes de reconocimiento de nivel y revisión salarial. Manifestó que hasta la fecha no ha recibido ni tramitado las solicitudes de reconocimiento de nivel y revisión de salarios 2025. Además, argumentó que es imperativo recurrir al recurso de *mandamus*, el cual es el idóneo para compeler y exigir el cumplimiento de un deber impuesto por la Ley Núm. 9-2022, *supra*, Ley Núm. 158-1999, *supra*, y el Reglamento Núm. 6761, *supra.*

El 19 de marzo de 2025, la parte apelada presentó una *Réplica a la Oposición a Moción de Desestimación.* En vista de ello, el 11 de abril de 2025, la parte apelante presentó una *Oposición a Réplica a la Oposición a Moción de Desestimación.* Acto seguido, el 30 de abril de 2025, la parte apelada presentó *Dúplica a la Oposición a Moción de Desestimación.*

El 2 de julio de 2025, el foro primario emitió una *Sentencia* mediante la cual desestimó el recurso de *Mandamus* al amparo de la Regla 10.2 de Procedimiento Civil, *infra,* por dejar de exponer una reclamación que justifique la concesión de un remedio. En dicho

dictamen, el TPI sostuvo que el recurso adolecía de una cita correcta y clara sobre la fuente de derecho del cual surge el deber ministerial presuntamente incumplido, lo que hace el recurso uno improcedente de su faz. Agregó que, el deber ministerial de la agencia está atado a requisitos que deben ocurrir en primer orden y, en conjunto con la Oficina de Gerencia y Presupuesto (OGP) y a la Autoridad de Asesoría Financiera y Agencia Fiscal (AAFAF), quienes no son parte del pleito.

Asimismo, señaló que el deber ministerial condicionado es el de realizar el cálculo y la identificación de fondos recurrentes para la activación del cumplimiento de la Ley Núm. 158-1999, *supra*, en o antes de que culmine el año fiscal 2024-2025. Razonó que, no se trata de una orden para realizar un acto de manera automática; sino que, está condicionado a la identificación de fondos para el pago de deudas, por lo que hay un orden de prelación que ordena a la parte apelada, como primer paso, el pago de deudas arrastradas por la Ley 158-1999, *supra*, que fueron incurridas antes del año fiscal 2021-2022.

Inconforme, el 17 de julio de 2025, la parte apelante presentó una *Solicitud de Reconsideración*. Ese mismo día, el foro primario emitió una *Resolución Interlocutoria* mediante la cual declaró *No Ha Lugar* la *Solicitud de Reconsideración*. Inconforme aun, el 18 de agosto de 2025, la parte apelante compareció ante *nos* mediante un recurso de *Apelación* y alegó la comisión de los siguientes errores:

> **PRIMER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL RESOLVER QUE NO EXISTE UN DEBER MINISTERIAL DEL SECRETARIO DE EDUCACIÓN EN RECIBIR, REVISAR Y TRAMITAR LAS SOLICITUDES DE REVISIÓN SALARIAL Y RECONOCIMIENTO DE NIVEL, SEGÚN DISPONE LA LEY DE CARRERA MAGISTERIAL, SUPRA, SEGÚN ENMENDADA Y EL REGLAMENTO 6761.**
>
> **SEGUNDO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR EL RECURSO DE MANDAMUS AL AMPARO DE LA REGLA 10.2 DE PROCEDIMIENTO CIVIL, POR ENTENDER QUE EL MISMO NO EXPONE UNA**

**RECLAMACIÓN QUE JUSTIFIQUE LA CONCESIÓN DE UN REMEDIO.**

Examinado el recurso de *Apelación*, el 27 de agosto de 2025, emitimos una *Resolución* mediante la cual le concedimos un término de veinte (20) días a la parte apelada para presentar su posición al recurso. Luego de varios incidentes procesales, innecesarios pormenorizar, el 18 de septiembre de 2025, la parte apelada presentó un *Alegato en Oposición*. Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

## II.

### A. *Mandamus*

El auto de *mandamus* es un recurso altamente privilegiado y discrecional mediante el cual se exige a una persona natural o jurídica el cumplimiento de un deber ministerial dentro de las atribuciones o deberes del cargo que ocupa. Artículo 649 del Código de Enjuiciamiento Civil (32 LPRA sec. 3421). Un deber ministerial se refiere a un mandato específico que no admite ejercicio de discreción en su cumplimiento. *Kilómetro 0, Inc. v. Pesquera López et al.*, 207 DPR 200 (2021). Dicho auto no confiere nueva autoridad y la parte a quien obliga deberá tener la facultad de poder cumplirlo. Artículo 649 del Código de Enjuiciamiento Civil, *supra*.

Este recurso de *mandamus* se caracteriza por ser un remedio extraordinario, que no podrá dictarse en los casos en que este disponible otro recurso adecuado y eficaz en el curso ordinario de la ley. *Colón Cortés v. Pesquera*, 150 DPR 724 (2000). Así pues, el auto de *mandamus* solamente debe expedirse cuando la persona a quien va dirigido está obligada al cumplimiento de un acto que la ley particularmente ordene como deber resultante de un empleo, cargo o función pública. Artículos 650 y 651 del Código de Enjuiciamiento Civil (32 LPRA sec. 3422 y 3423). Ello significa, que únicamente procede para ordenar el cumplimiento de un deber ministerial, que

no implica discreción en su ejercicio. *Báez Galib v. C.E.E.*, 152 DPR 382 (2000).

La expedición del auto de *mandamus* no se invoca como cuestión de derecho, sino que descansa en la sana discreción del foro judicial. Dicha expedición "no procede cuando hay un remedio ordinario dentro del curso de ley, porque el objeto del auto no es reemplazar remedios legales sino suplir la falta de ellos". *AMPR v. Srio. Educación, ELA*, 178 DPR 253 (2010). Así, la procedencia del *mandamus* depende inexorablemente del carácter del acto que se pretende compeler mediante dicho recurso. *Íd.,* pág. 263. Sólo procede para ordenar el cumplimiento de un deber ministerial, que no admite discreción en su ejercicio, cuando no hay otro mecanismo en ley para conseguir dicho remedio. *Acevedo Vilá v. Aponte Hernández*, 168 DPR 443 (2006).

El requisito fundamental para expedir el recurso de *mandamus* reside, pues, en la constancia de un deber claramente definido que debe ser ejecutado. Es decir, "la ley no sólo debe autorizar, sino exigir la acción requerida". *AMPR v. Srio. Educación, ELA*, *supra*, pág. 263. Por tal razón, aquella persona que se vea afectada por el incumplimiento del deber podrá solicitar el recurso. *Íd.*

Ahora bien, antes de radicarse la petición de *mandamus*, se requiere que el peticionario le haya hecho un requerimiento previo al demandado para que éste cumpla con el deber que se le exige, debiendo alegarse en la petición, tanto el requerimiento como la negativa, o la omisión del funcionario en darle curso. Sólo se exime de este requisito: 1) cuando aparece que el requerimiento hubiese sido inútil e infructuoso, pues si de haberse hecho hubiese sido denegado; o 2) cuando el deber que se pretende exigir es uno de carácter público, a diferencia de uno de naturaleza particular, que afecta solamente el derecho del peticionario. *Noriega v. Hernández Colón*, 135 DPR 406 (1994).

De otro lado, como requisito de forma, no solamente se requiere que la petición esté dirigida a la persona obligada al cumplimiento de un acto, sino que debe estar juramentada por la parte que promueve su expedición. *Báez Galib v. Roselló González*, 147 DPR 371 (1998). Así lo dispone la Regla 54 de Procedimiento Civil (32 LPRA Ap. V), cuando establece que: "el auto de *mandamus*, tanto perentorio como alternativo, podrá obtenerse presentando una solicitud jurada al efecto".

Entre los factores a tomarse en consideración cuando se solicita de un tribunal la expedición de un auto de *mandamus* se encuentran: el posible impacto que éste pueda tener sobre los intereses públicos que puedan estar envueltos; evitar una intromisión indebida en los procedimientos del poder ejecutivo, y que el auto no se preste a confusión o perjuicios de los derechos de terceros. *AMPR v. Srio. Educación, ELA, supra*, pág. 268.

## B. Desestimación

La Regla 10.2 de Procedimiento Civil (32 LPRA Ap. V) le permite al demandado solicitar que se desestime la demanda en su contra antes de contestarla. R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 5ta ed., San Juan, LexisNexis de Puerto Rico, Inc., 2010, pág. 266.  La precitada regla dispone lo siguiente:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable. Regla 10.2 de Procedimiento Civil, *supra.*

Así pues, entre las defensas mediante las cuales una parte puede solicitar la desestimación de la causa instada en su contra se encuentra el "dejar de exponer una reclamación que justifique la concesión de un remedio". Regla 10.2 (5) de Procedimiento Civil, *supra*. Véase, además, *Costas Elena y otros v. Magic Sport y*

*otros*, 213 DPR 523 (2024); *Bonnelly Sagrado v. United Surety*, 207 DPR 715 (2021).

Ante una moción de desestimación fundamentada en la referida regla, "el tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". *Cobra Acquisitions, LLC v. Municipio de Yabucoa*, 210 DPR 384 (2022). Véase, además, *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409 (2008); *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497 (1994). Luego, debe determinar si, a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. *Costas Elena y otros v. Magic Sport y otros, supra.*

Asimismo, deberá interpretar las alegaciones de forma conjunta, liberal y de la manera más favorable posible en favor del demandante. *Bonnelly Sagrado v. United Surety, supra; Torres v. Torres et al.*, 179 DPR 481 (2010). De hecho, tampoco procede la desestimación de la demanda si esta es susceptible de ser enmendada. *Clemente v. Dept. de la Vivienda*, 114 DPR 763 (1983).

Al atender este tipo de moción, el tribunal deberá tener en cuenta que, conforme lo dispone la Regla 6.1 de Procedimiento Civil (32 LPRA Ap. V), la demanda sólo tiene que contener "una relación sucinta y sencilla de la reclamación demostrativas de que el peticionario tiene derecho a un remedio", por lo que la norma procesal que rige establece que las alegaciones solo buscan "notificarle a la parte demandada a grandes rasgos, cuáles son las reclamaciones en su contra." *Torres v. Torres et al., supra,* pág. 501. Es por esto que una demanda no será desestimada, salvo que se demuestre "que el demandante no tiene derecho a remedio alguno, bajo cualesquiera hechos que pueda probar". *Consejo de Titulares v. Gómez Estremera et al.,* 184 DPR 407 (2012); *Aut. Tierras v. Moreno & Ruiz Dev. Corp, supra,* pág. 428. Por consiguiente, el

asunto a considerar es, "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Pressure Vessels P.R. v. Empire Gas P.R., supra,* pág. 505. Finalmente, este mecanismo procesal no debe ser utilizado en aquellos casos que envuelven un alto interés público, excepto que no haya duda de que, de los hechos alegados en la demanda, no es posible conceder un remedio adecuado al demandante. *Aut. Tierras v. Moreno & Ruiz Dev. Corp, supra,* pág. 429.

**III.**

En el caso ante *nos,* la parte apelante aduce que erró el TPI al resolver que no existe un deber ministerial del Secretario de Educación en recibir, revisar y tramitar las solicitudes de revisión salarial y reconocimiento de nivel, según dispone la Ley de Carrera Magisterial, *supra,* y el Reglamento 6761, *supra.* Asimismo, expresó que erró el TPI al desestimar el recurso de *mandamus* al amparo de la Regla 10.2 de Procedimiento Civil, *supra,* por entender que el mismo no expone una reclamación que justifique la concesión de un remedio.

Según el derecho que antecede, el auto de *mandamus* es un recurso altamente privilegiado y discrecional mediante el cual se exige a una persona natural o jurídica el cumplimiento de un deber ministerial dentro de las atribuciones o deberes del cargo que ocupa. Artículo 649 del Código de Enjuiciamiento Civil, *supra.* Un deber ministerial se refiere a un mandato específico que no admite ejercicio de discreción en su cumplimiento. *Kilómetro 0, Inc. v. Pesquera López et al., supra.* Así pues, el recurso de *mandamus* se caracteriza por ser un remedio extraordinario, que no podrá dictarse en los casos en que esté disponible otro recurso adecuado y eficaz en el curso ordinario de la ley. *Colón Cortés v. Pesquera, supra.*

Luego de analizar puntillosamente el recurso de *Mandamus,* coincidimos con el foro primario en la determinación a la que arribó

en la *Sentencia* apelada. Ciertamente, el recurso de *Mandamus* carece de una cita clara y correcta sobre la fuente del derecho del cual surja el deber ministerial presuntamente incumplido. Por consiguiente, el recurso de *Mandamus* presentado por la parte apelante resulta improcedente de su faz.

Así, en el recurso de *Mandamus* la parte apelante alega que la parte apelada tiene el deber ministerial de recibir, revisar y tramitar, en o antes del 15 de enero de 2025, las solicitudes de reconocimiento de nivel y revisión salarial. Asimismo, sostiene que el Secretario de Educación tiene el deber de habilitar un portal, al amparo de la Ley Núm. 9-2022, *supra*, para recibir dichas solicitudes. Sin embargo, la parte apelante no cita una fuente legal precisa de la cual surja el deber ministerial alegado.

En consecuencia, no incidió el foro primario al desestimar el recurso de *Mandamus* al amparo de la Regla 10.2 de Procedimiento Civil, *supra*. Esto, pues tomando como ciertos todos los hechos bien alegados en el recurso y ante la falta de un deber ministerial incumplido, este no establece una reclamación plausible que justifique la concesión de un remedio. *Costas Elena y otros v. Magic Sport y otros, supra.*

**IV.**

Por los fundamentos antes expuestos, *confirmamos* la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones